Lawrence H, Stone (SBN146797)
lawrence.stone@jacksonlewis.com
Steven M. Zimmerman (SBN 279647)
steve.zimmerman@jacksonlewis.com
JACKSON LEWIS P.C.
725 S. Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Petitioner
UNITED LAUNCH ALLIANCE

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED LAUNCH ALLIANCE,<br><br>    Petitioner,<br><br>    vs.<br><br>INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, DISTRICT LODGES 75 & 166 and LOCAL LODGES 44, 610, & 2786<br><br>    Respondents. | **CASE NO.:** 2:19-cv-02742<br><br>**PETITION OF UNITED LAUNCH ALLIANCE TO VACATE ARBITRATION AWARD RE: IMPROPER LAYOFF**<br><br>*(Filed concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Certification and Notice of Interested Parties and Notice of No Related Cases.)* |

Petitioner United Launch Alliance ("ULA" or "Petitioner") respectfully petitions this Court to vacate an arbitration award ("Award") issued by Arbitrator George E. Marshall, Jr. ("Arbitrator") on March 10, 2019 in the Matter of Arbitration Between the International Association of Machinists and Aerospace Workers, AFL-CIO, District Lodges 75 & 166 and Local Lodges 44, 610, & 2786 and United Launch Alliance, FMCS No. 180105-0016 (re: Improper Layoff).   A true and correct copy of the Arbitrator's Award is attached hereto as Exhibit "A."

/ / /

## THE PARTIES

1.      United Launch Alliance is a corporation with corporate headquarters located at 9501 East Panorama Circle, Centennial, CO 80112.  At all times relevant to this action, ULA has been an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2).

2.      Respondents International Association of Machinists and Aerospace Workers, AFL-CIO, District Lodges 75 & 166 and Local Lodges 44, 610, and 2786, are labor organizations within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5) (collectively, the "Union").  At all times relevant to this action, the Union has been the collective bargaining representative for certain employees of ULA at multiple sites within the United States, including ULA's operations at Vandenberg Air Force Base in Santa Barbara County, California.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-11.

4.      The Central District of California is the proper venue for this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, because the Union and its duly authorized officers and agents represent or act on behalf of its members in this district.

5.      The Central District of California is also the proper venue for this action pursuant to the FAA, 9 U.S.C. §§ 9-11, because the Award was issued in this district.

## FACTUAL ALLEGATIONS

6.      Over the past several years, ULA and the Union (collectively, "the Parties") have entered into a series of collective bargaining agreements.  The collective bargaining agreement relevant to this action was effective from May 4, 2015 to May 6, 2018 ("the Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit "B."

7.      Article 6 of the Agreement contains a grievance procedure that includes strict time limits.  As is pertinent to this case, Section 6.05(D)(1) provides, "[i]f the grievance is not settled in Step Three, the matter may be referred to arbitration by the Union within ten (10) working days.  If recourse is to arbitration, the Union shall notify the Company in writing that it desires the case to be arbitrated."  *See* Ex. B.  Section 6.03(E) provides "It is the intent of the parties that grievances be handled promptly within the time limits specified in each step of the grievance procedure.  However, time limits may be extended … by mutual consent."  *Id.*  Section 6.03(D) goes on to explain that if "the Union fails to so notify the Company of its intention within the time limits specified, the grievance shall be withdrawn."  *Id.*

8.      Section 6.05 of the grievance procedure also makes clear that "the Arbitrator shall have no power to arbitrate away in whole or in part, or to add to or subtract from, or to change any of the terms or provisions of this Agreement."  *Id.*

9.      In June 2017, a controversy arose between the Parties regarding ULA's use of Aerospace Technicians ("ATs") at its worksite at Vandenberg Air Force base.  The Union grieved the use of ATs who had traveled from ULA's worksite at Cape Canaveral, Florida, to work at Vandenberg while Vandenberg-based employees were on layoff.

10.     The Parties discussed the grievance at a Step Three telephonic meeting on July 19, 2017.  On August 10, 2017, ULA informed the Union that the grievance had been denied at the Third Step.

11.     The Union did not refer the matter to arbitration within ten days.  In fact, the Union did not inform ULA of its intent to arbitrate this matter until October 10, 2017, two months after the Third Step grievance denial.

12.     In November 2018, the Parties arbitrated this matter before Arbitrator George E. Marshall, Jr.

13.     During the arbitration ULA raised the question of arbitrability, asserting that the grievance should be denied in full because the Union had failed to comply with the time limits of Article 6 of the Agreement.

14. On March 10, 2019, the Arbitrator issued an Award sustaining the grievance. In doing so, the Arbitrator rejected ULA's argument that the grievance was not arbitrable.

15. The Award acknowledged that the Third Step grievance denial was sent by email to the Union on August 10, 2017, and also that the Union's notification that it planned to move the matter to arbitration was not sent until October 10, 2017. The Award also acknowledged that there was no evidence of an extension of the time limits and no explanation from the Union as to why its notification did not comply with the CBA.

16. Even so, the Award found that a failure to adhere to the time limits in the grievance procedure did not create a voidable or terminating sanction, and therefore the grievance was arbitrable.

17. The Arbitrator's Award should be vacated because it fails to draw its essence from the Agreement and ignores the plain and unambiguous language of the Agreement. The Arbitrator's Award directly contradicts the plain language of Article 6 of the Agreement, which requires the Union to refer a matter to arbitration within ten working days. It also directly contradicts the plain language of Section 6.03(D), which expressly states that a grievance shall be considered withdrawn if the time limits are not complied with. Because the Union did not comply with the grievance procedures time limits, which the Award recognized, the plain language of the Agreement mandated a finding that the grievance was not arbitrable.

18. In ruling on a grievance that was not arbitrable, the Arbitrator also exceeded his authority under the Agreement, as the Agreement does not permit the Arbitrator to ignore any of the provisions of the Agreement.

19. By issuing an Award that ignored the plain and unambiguous language of the Agreement and by exceeding his own authority, the Arbitrator impermissibly dispensed his own brand of industrial justice. As such, the Arbitrator's Award must be vacated in its entirety.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays:

1.      That the Court enter judgment on the Petition to Vacate Arbitration Award in favor of Petitioner and against Respondent;

2.      That the Award be vacated in its entirety;

3.      That Petitioner be awarded costs incurred herein; and,

4.      For such other and further relief that the Court deems just and proper.


Dated:  April 10, 2019                          JACKSON LEWIS P.C.


                                        By:      /s/ Lawrence H. Stone
                                                Lawrence H. Stone
                                                Steven M. Zimmerman

                                                Attorneys for Petitioner
                                                UNITED LAUNCH ALLIANCE

4814-6057-9216, v. 4